Mark D. Kremer (SB# 100978)
  *m.kremer@conklelaw.com*
Zachary Page (SB# 293885)
  *z.page@conklelaw.com*
CONKLE, KREMER & ENGEL
Professional Law Corporation
3130 Wilshire Boulevard, Suite 500
Santa Monica, California 90403-2351
Phone: (310) 998-9100 • Fax: (310) 998-9109

Attorneys for Bio Creative, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| Bio Creative, Inc., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>B2 Organic, Inc., a New Jersey corporation and DOES 1-10, inclusive,<br><br>    Defendant. | CASE No.<br><br>**COMPLAINT FOR:**<br><br>1. **FEDERAL UNFAIR COMPETITION [15 U.S.C. § 1125(a)(1)(A)]**<br><br>2. **COMMON LAW TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION**<br><br>3. **FEDERAL UNFAIR COMPETITION [15 U.S.C. §1125(a)(1)(B)]**<br><br>4. **VIOLATION OF CALIFORNIA ORGANIC PRODUCTS ACT [CAL. HEALTH & SAFETY CODE §§ 110810 ET SEQ.]**<br><br>5. **STATUTORY UNFAIR COMPETITION AND FALSE ADVERTISING [B&P CODE §§17200 *et seq.*]**<br><br>**DEMAND FOR JURY TRIAL** |

0266.002\9999

COMPLAINT

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under and this Court has original jurisdiction pursuant to 15 U.S.C. § 1125 (false advertising), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), 28 U.S.C. § 1332 (diversity), 28 U.S.C. § 1338(b) (unfair competition), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

2. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this judicial district.

## THE PARTIES

3. Bio Creative, Inc. ("Bio Creative") is a California corporation, with a principle place of business in Costa Mesa, CA.

4. Plaintiff is informed and believes that Defendant B2 Organic, Inc. ("B2 Organic") is a New Jersey corporation, which a principle place of business located at 41-43 Governor St, Paterson, New Jersey 07501. On information and belief, B2 Organic markets and sells personal care products throughout the United States, including in Orange County, California, under both the B2Organic SPA and B2Nature SPA trade names.

5. On information and belief, there are other individuals who make, obtain, distribute, supply and sell products in violation of law, and violate Bio Creative's rights as alleged herein, but Bio Creative is ignorant of their true identity or complete role in the alleged conduct and therefore sues them by the fictitious names DOES 1 to 10. Bio Creative is informed and believes that each of the defendants designated as a Doe is liable in some manner for the acts, omissions and injuries of which Bio Creative alleges

in this Complaint. Bio Creative will seek to amend this Complaint to state the true identities of Does 1 through 10 when ascertained. B2 Organic and the Doe Defendants are referred to collectively as "Defendants."

6. On information and belief, each of the Defendants was at all relevant times acting to the fullest extent recognized by law as the agent, employee or co-conspirator of each of the other Defendants and that in committing the acts and omissions alleged herein and causing the injuries alleged, was acting within the scope of such agency, employment, conspiracy, joint venture or partnership relationship. The Defendants have committed acts in furtherance of the conspiracy, have given aid, and encouragement to their co-conspirators and have ratified and adopted the acts of their co-conspirators.

7. On information and belief there exists, and at all times mentioned there existed, a unity of interests and ownership between individual Defendants and business entity defendants such that any individuality and separateness between the individual and businesses never existed or has ceased to exist, and each Defendant is in each instance the alter ego of the other Defendants who control all such entities. To adhere to the fiction of the Defendant entities as having existence as separate and distinct from the individual Defendants or from those with them and who owned and controlled them would permit an abuse of the corporate and other entity privileges, would sanction fraud, and would promote injustice.

## BIO CREATIVE'S TRADE DRESS

8. Bio Creative distributes a range of personal care products under Bio Creative's distinctive BCL SPA trade dress ("BCL SPA Products").

9. The BCL SPA Products are available in several "sub-lines" or "flavors" featuring particular ingredients or scents, which are marketed in distinctive colors. True and correct color photographs of two of the BCL SPA lines, Lemongrass + Green Tea Sugar Scrub, and Mandarin + Mango Dead Sea Salt Soak are shown below.

**Mandarin + Mango**



**Lemongrass + Green Tea**



10. The BCL SPA Products are available for purchase online through both Bio Creative's website and other online retailers, as well as various brick and mortar beauty products stores in California.

11. The packaging for Bio Creative's BCL SPA Products is consistent throughout the entire line, with the only difference being changes in color for each "flavor." The BCL SPA packaging is non-functional and is either inherently distinctive or, in the alternative, has acquired secondary meaning as consumers exclusively associate the packaging with Bio Creative. The BCL SPA Trade Dress is the overall appearance of the BCL SPA Products' packaging and advertising, including but not limited to each of the following elements individually and in combination with one another: a clear, cylindrical container with a clear cap; a white label with minimal text

and graphics, a metallic silver band, a tri-color scheme relating to the flavor of the product, and the word SPA prominently written in capital letters.

12. Since at least as early as June 2012, Bio Creative has continuously used the BCL SPA Trade Dress in connection with personal care products in commerce in the United States. As a result of its continuous use and success, Bio Creative has built goodwill and value in the BCL SPA Trade Dress such that consumers associate the Trade Dress exclusively with Bio Creative.

**DEFENDANTS' INFRINGING PRODUCTS**

13. Bio Creative recently discovered that Defendants are manufacturing, distributing, and selling in the United States personal care products using the marks B2Organic SPA and B2Nature SPA (the "Accused Products"). The packaging for the infringing products features elements which are confusingly similar to the BCL SPA Trade Dress without authorization by Bio Creative.

14. A non-exhaustive example of two of the lines of the Accused Products are shown below.

**Orange Tangerine**     **White Tea & Aloe**




## DEFENDANTS' WRONGFUL ACTIVITIES

15. Defendants are manufacturing and distributing the Accused Products in an attempt to unfairly capitalize on the substantial goodwill Bio Creative has acquired in the BCL SPA Trade Dress. Defendants' advertising and sale of the Accused Products is designed to confuse and deceive consumers into believing the Accused Products are made, sponsored, or endorsed by Bio Creative.

16. The following image is a true and correct photograph of two of Bio Creative's BCL SPA products each stacked on top of the corresponding B2 Organic Accused Products.

**On Top: Bio Creative's BCL SPA Products**

**On Bottom: B2 Organic Accused Products**



17. The Accused Products infringe Bio Creative's rights in the BCL SPA Trade Dress. Like the BCL SPA Trade Dress, the packaging for the Accused Products features a clear cylindrical container with dimensions nearly identical to the packaging for the BCL SPA Products. The Accused Products' packaging also features a white label with the word "SPA" prominently displayed in all caps, and a tri-color scheme with a silver band in a similar position to the BCL SPA Products' silver band. Further, many of the Accused Products feature colors that are nearly identical to the colors featured on corresponding BCL SPA Products.

18. On information and belief, the Accused Products are advertised and sold in beauty supply stores and various online retailers.

19. On information and belief, Defendants knew about Bio Creative and the BCL SPA Products and Trade Dress when designing the packaging of the Accused Products.

20. The trade dress and marketing efforts for the Accused Products have been created and used in such a way to promote confusion in the marketplace. On information and belief, the acts of Defendants were willful and were committed with the intent to cause confusion, mistake, or to deceive.

## FIRST CLAIM FOR RELIEF
## FOR FALSE DESIGNATION OF ORIGIN
## AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125
## (AGAINST ALL DEFENDANTS)

21. Bio Creative alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 20.

22. The BCL SPA Trade Dress is inherently distinctive as product packaging, or, in the alternative, has acquired secondary meaning and is uniquely associated with Bio Creative in the minds of consumers.

23. The Accused Products infringe on Bio Creative's rights in the BCL SPA Trade Dress by confusing or deceiving consumers that Bio Creative is the source or sponsor of the Accused Products. Defendants' use constitutes infringement of the BCL SPA Trade Dress and unfair competition in violation of 15 U.S.C. §1125(a).

24. Defendants' acts have caused and will continue to cause Bio Creative to suffer injury to its business, goodwill, and property.

25. Bio Creative has no adequate remedy at law. Defendants' acts and omissions as alleged here will require lengthy judicial proceedings and will cause damages to Bio Creative that are difficult, if not impossible, to measure. Accordingly, unless Defendant is preliminarily and permanently enjoined from committing the unlawful acts alleged, including infringement of the BCL SPA Trade Dress, Bio Creative will continue to suffer irreparable harm.

26. On information and belief, Defendants, in engaging in the conduct described herein, knowingly, intentionally, and willfully intended to trade on the goodwill of BCL SPA Trade Dress and cause injury to Bio Creative. As such, this is an exceptional case within the meaning of 15 U.S.C. §1117(a) and attorneys' fees should be awarded.

# SECOND CLAIM FOR RELIEF
# FOR COMMON LAW TRADE DRESS INFRINGEMENT
# AND UNFAIR COMPETITION
# (AGAINST ALL DEFENDANTS)

27. Bio Creative alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 20.

28. Defendants' actions constitute infringement of Bio Creative's common law rights in the BCL SPA Trade Dress, and will confuse and deceive the public concerning the source, affiliation, or sponsorship of the Accused Products.

29. In performing the acts and unfair business practices alleged, Defendants are engaging in unlawful and unfair competition in violation of Bio Creative's rights.

30. As a direct and proximate result of Defendants' unlawful acts alleged herein, including infringement of the BLC SPA trade dress, Bio Creative has suffered and will continue to suffer injury to its business, goodwill, and property.

31. On information and belief, Defendants' acts and omissions as alleged herein were committed knowingly, intentionally, and willfully, with the intent to trade on Bio Creative's goodwill in the BLC SPA products and trade dress.

32. Bio Creative has no adequate remedy at law. Defendants' acts and omissions as alleged here will require lengthy judicial proceedings and will cause damages to Bio Creative that are difficult, if not impossible, to measure. Accordingly, unless Defendant is preliminarily and permanently enjoined from committing the

unlawful acts alleged, including infringement of the BCL SPA Trade Dress, Bio Creative will continue to suffer irreparable harm.

33. On information and belief, Defendants, in engaging in the conduct described herein, knowingly, intentionally, and willfully intended to trade on the reputation and goodwill of Bio Creative, the BLC SPA trade dress and products, and to cause injury to Bio Creative. Accordingly, Bio Creative should be awarding punitive damages.

## THIRD CLAIM FOR RELIEF
## FALSE ADVERTISING IN VIOLATION OF 15 U.S.C. § 1125(A)(1)(B)
## (AGAINST ALL DEFENDANTS)

34. Bio Creative alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 20.

35. Defendants' use of the term "organic" in connection with the labeling, advertisement, promotion, and sale of the Accused Products, as well as the false representations that the Accused Products are organic, constitutes false advertising in violation of 15 U.S.C. § 1125(a)(1)(B).

36. As a direct and proximate result of Defendants' unlawful acts, Bio Creative has suffered and will continue to suffer injury to its business, goodwill, and property.

37. As a proximate result of Defendants' wrongful conduct, Defendants have been unjustly enriched while Bio Creative has suffered damages of a nature and in an amount according to proof at trial.

38. Bio Creative demands and is entitled to an accounting from Defendants, including all information necessary to permit Bio Creative to determine the gains, profits, and advantages that Defendants have obtained by reason of its wrongful conduct described herein.

39. Bio Creative has no adequate remedy at law. Defendants' acts and omissions as alleged here will require lengthy judicial proceedings and will cause damages to Bio Creative that are difficult, if not impossible, to measure. Accordingly, unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged, including the false advertisement of the term "organic," Bio Creative will continue to suffer irreparable harm. Injunctive relief is therefore appropriate pursuant to 15 U.S.C. §1116 to prevent Defendants from engaging in any further violations of 15 U.S.C. §1125(a)(1)(B).

40. On information and belief, Defendants engaged in the conduct described herein, knowingly, intentionally, and willfully. As such, this is an exceptional case within the meaning of 15 U.S.C. §1117(a) and attorneys' fees should be awarded.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF THE CALIFORNIA ORGANIC PRODUCTS ACT
## [CAL. HEALTH & SAFETY CODE §§ 110810 *ET SEQ.*]
## (AGAINST ALL DEFENDANTS)

41. Bio Creative alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 20.

42. The Accused Products are intended to be rubbed, poured, sprinkled, or sprayed on, introduced into, or otherwise applied to the human body, or any part of the

human body for cleansing, beautifying, promoting attractiveness, or altering the appearance, and are therefore "cosmetics" under California Health and Safety Code §109900.

43. On information and belief, the Accused Products contain less than 70% organic material. When products do not contain 70% organic material, any use of the word "organic" on or in connection with those products constitutes false and misleading advertising, as that term is statutorily defined and regulated within the meaning of California Health and Safety Code § 110810 *et seq.* (the "California Organic Products Act"). Furthermore, to be "organic" under the statute, the ingredients must consist of agricultural products which have been grown "organically" without certain proscribed fertilizers and pesticides, and then certified by licensed inspectors as organic. On information and belief, the Accused Products do not contain at least 70% organic content.

44. Defendants' use of the term "organic" in connection with the labeling, advertisement, promotion, and sale of the Accused Products, as well as the false representations that the Accused Products are organic, constitutes false advertising in violation of the California Health and Safety Code § 110810 *et seq.* (the "California Organic Products Act").

45. On information and belief, Defendants have not registered with the Director of the Department of Health Services for the state of California pursuant to California Health and Safety Code § 110875.

46. On information and belief, Defendants' use of the term "organic" in connection with the labeling, advertisement, promotion, and sale of the Accused Products is in direct violation of California Health and Safety Code §110838(a).

47. As a direct and proximate result of Defendants' unlawful acts, Bio Creative has suffered and will continue to suffer injury to its business, goodwill, and property.

48. Bio Creative has no adequate remedy at law. Defendants acts and omissions as alleged here will require lengthy judicial proceedings and will cause damages to Bio Creative that are difficult, if not impossible, to measure. Accordingly, unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged, including the false advertisement of the term "organic," Bio Creative will continue to suffer irreparable harm. Injunctive relief is therefore appropriate pursuant to California Health and Safety Code §111910(a).

49. Bio Creative seeks an award of attorneys' fees pursuant to California Health and Safety Code §111910(b), as reasonably determined by the Court.

## FIFTH CLAIM FOR RELIEF
## FOR STATUTORY UNFAIR COMPETITION AND FALSE ADVERTISING
## [CAL. BUS. & PROF. CODE §§ 17200 AND 17500]
## (AGAINST ALL DEFENDANTS)

50. Bio Creative alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 20.

51. Defendants' unlawful acts and practices consist of infringement of Bio Creative's common law and statutory rights in the BLC SPA trade dress, as well as false advertising and violations of federal and California law arising from Defendants' use of the term "organic."

52. In performing the unlawful acts and unfair business practices alleged, Defendants are engaging in unlawful and unfair competition in violation of Bio Creative's rights. Defendants have obtained revenue and profit by their acts of unfair competition and they should be ordered to disgorge all such revenue and profit. Defendants will continue such unfair and fraudulent business practices unless and until they are restrained.

53. Bio Creative has no adequate remedy at law. Defendants' acts and omissions as alleged here will require lengthy judicial proceedings and will cause damages to Bio Creative that are difficult, if not impossible, to measure. Accordingly, unless Defendant is preliminarily and permanently enjoined from committing the unlawful acts alleged, including infringement of the BCL SPA Trade Dress, Bio Creative will continue to suffer irreparable harm.

## PRAYER

**WHEREFORE**, Bio Creative prays for judgment as follows:

1. For preliminary and permanent injunctive relief against Defendants from doing any of the following acts, either directly or indirectly, and from doing any act prefatory to the prohibited acts:

   a. Infringing the BCL SPA Trade Dress and any other trademark, trade dress or other intellectual property right owned or controlled by Bio Creative;

   b. Causing a likelihood of confusion, deception, or mistake as to the source, nature, or quality of Bio Creative's goods or causing confusion, deception or mistake as to the source, nature or quality of the Accused Products;

   c. Using any false designation of origin or false representation, including but not limited to Defendants' use of "organic," concerning any of the Accused Products.

   d. Violating any statute, decision, rule or regulation of any governmental entity in the course of the offering, disposition or sale of any of the Accused Products, specifically including, but not limited to, violating the California Organic Products Act;

 2. For an order directing Defendants to file with this Court and serve on Bio Creative within 30 days after service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

 3. For an order requiring Defendants to deliver to Bio Creative all products, literature, advertising, and other material bearing any infringing trademarks or trade dress or a use of any trademark or trade dress constituting federal, California state or common law unfair competition;

 4. For an order requiring Defendants to account for all sales and transfers of any of the Accused Products, including an order that they submit to Bio Creative immediately all records of all purchases, sales, and other materials pertaining to the acquisition and distribution of the Accused Products;

 5. For statutory damages under 15 U.S.C. § 1117(c);

 6. For injunctive relief under California Health and Safety Code §111910(a).

7.    For punitive and exemplary damages in an amount sufficient to punish Defendants and defer such conduct in the future;

8.    For attorneys' fees;

9.    For costs; and

10.    For such other and further relief as the Court deems just and proper.

Dated: June 4, 2015

Mark D. Kremer
Zachary Page, members of
CONKLE, KREMER & ENGEL
Professional Law Corporation

By: _____
Mark D. Kremer
Attorneys for Plaintiff American International Industries

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury of all issues so triable.

Dated: June 4, 2015

Mark D. Kremer
Zachary Page, members of
CONKLE, KREMER & ENGEL
Professional Law Corporation

By: _____
Mark D. Kremer
Attorneys for Bio Creative, Inc.