JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| Bio Creative, Inc.,<br><br>  Plaintiff,<br><br> v.<br><br>B2 Organic, Inc.,<br><br>  Defendant. | CASE No. 8:15-CV-00879-JVS-JCG<br><br>**STIPULATED FINAL JUDGMENT AND PERMANENT INJUNCTION** |

Based upon the Stipulation signed by counsel for Plaintiff Bio Creative and counsel for Defendant B2 Organic, Inc. for a Final Judgment in this action as part of a comprehensive settlement, the Court enters this Final Judgment and Permanent Injunction: (1) prohibiting Defendant from infringing Plaintiff's intellectual property, including the trade dress for Plaintiff's BCL SPA line of products; and (2) prohibiting Defendant from violating the provisions of the California Organic Products Act and the rules and guidelines of the United States Department of Agriculture's National Organic Program.

Therefore, IT IS ORDERED that:

1. Defendant B2 Organic, Inc. ("B2 Organic"), its owners, officers, agents, servants, employees, and all those in active concert or participation with any of them, are permanently restrained and enjoined from doing any of the following anywhere in the United States:

    a. Acquiring, purchasing, manufacturing, marketing, storing, transporting, distributing, dealing in, hypothecating, offering for sale or selling, directly or indirectly, of any personal care product, materials or packaging therefor, that bears the current B2 Organic trade dress, non-exclusive examples of which are shown below, , except B2 Organic may continue selling its existing inventory of products bearing the until December 31, 2015 (the "Transition Period"):

   

b. Acquiring, purchasing, manufacturing, marketing, storing, transporting, distributing, dealing in, hypothecating, offering for sale or selling, directly or indirectly, of any personal care product, materials or packaging therefor, that bears any other trade dress that is confusingly similar to BCL SPA trade dress, non-exclusive examples of which are shown below:



c. Causing, directing, soliciting, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs 1(a) and 1(b).

d. B2 Organic shall use the packaging depicted in the image below, the wording, size and color scheme of which may be altered to reflect the different scents or sizes of B2 Organic's products, or may in future redesign such labeling, so long as it does not copy the BCL SPA Trade Dress and is not otherwise confusingly similar to the BCL SPA trade dress in paragraph b. above.



1  e. B2 Organic shall use the packaging depicted in the image below for its B2 Nature products, the wording, size and color scheme of which may be altered to reflect the different scents or sizes of B2 Organic's B2 Nature products, or may in future redesign such labeling, so long as it does not copy the BCL SPA Trade Dress and is not otherwise confusingly similar to the BCL SPA trade dress in paragraph b. above.



2. B2 Organic, its owners, officers, agents, servants, employees, and all those in active concert or participation with any of them, are further permanently restrained and enjoined from doing any of the following, for any personal care product, anywhere in the United States:

a. Acquiring, purchasing, manufacturing, marketing, storing, transporting, distributing, dealing in, hypothecating, offering for sale or selling, directly or indirectly, of any personal care product, advertising or promotional materials or packaging therefor, that violates any provision of the California Organic Products Act (Cal. Health & Safety Code §§ 110810, *et seq.*) if distributed directly or indirectly in California or any rule or guideline of the United States Department of Agriculture's National Organic Program.

b. Displaying or using the advertisements shown below:

 

c.  Causing, directing, soliciting, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs 2(a) or 2(b).

3.  The Court shall retain jurisdiction to enforce the terms of the Settlement Agreement of the Parties and the Permanent Injunction in this Judgment.

4.  All claims are dismissed with prejudice.

5.  Final Judgment is hereby entered, with each party responsible for its own costs and attorneys' fees.

DATED: October 29, 2015

_____
The Honorable James V. Selna
United States District Judge